The Chancellor.
Randolph Crowell died seized of a tract of land, containing about fifty acres, situate in the county of Middlesex, in this state. He left a number of children, his heirs at law, of whom the defendant, James Crowell, was one, and as such entitled to one eighth undivided part of the land in question. One Joseph Shot-well, assuming to act as the agent of all the heirs, entered into a parol agreement to sell the land to the complainant. In pursuance of the agreement so made by Shotwell, all the heirs, except James Crowell, entered into a written agreement, on the 27th day of January, 1851, by which they agreed to convey the said land by deed, on the 1st day of May following, to the complainant, for the sum of thirty-one hundred dollars. On the said first day of May, they did convey the land to the complainant, and the consideration was by her paid to Shotwell, the agent, according to the terms of the agreement. This deed was not executed by the defendant, nor was he named in the deed as a party to the same. The bill alleges that Shotwell was authorized, as James Crowell’s agent, to sell his interest in the land to the complainant. It alleges that the defendant, James Crowell, ratified the sale made by Shotwell, by permitting the complainant to enter into the possession of the land, and making valuable improvements thereon, and by agreeing to accept his proportion of the money in the hands of Shotwell, and to execute to the complainant a deed.
There is a total failure of proof, as to the defendant’s ever having authorized Shotwell, as his agent, to sell his interest in the land, or to meddle with it in any way. Mr. Shotwell himself was examined as a witness, and proves that he never received any authority from the complainant to act for him. At the time of the sale, and until after the deed was delivered and the complainant in possession, the defendant was residing in the state of Indiana, and until after he returned to New Jersey, Mr. Shotwell had never seen him, or heard from him on the subject of sell- *203 i?ing the land. It is not necessary that the agent’s author-" (j ity should be in writing. But in this case there is'no*' agency established, even by parol.
Nor is there any such proof of a ratification, on the part of the defendant, of the sale by Shotwell, as to warrant a decree for specific performance. The complainant took possession under the deecf|he had received from the other heirs. When the defendant returned from the west, he found the complainant in possession of the land. The ; only evidence relied upon as a ratification, by the defend- :| ant, of the sale is, that when he was told of the terms of i' the sale for the first time, he did not promptly express his ; disapprobation of them, but said he did not want his !j money then, and should not want it until he returned west. But he did not give a deed; and subsequently^ he refused positively to give a deed, and expressed his disapprobation of the terms upon which the land was sold. Shotwell, not having been authorized to act as the agentf of the defendants, the act, or acts, upon which the eora-J plainant relies to establish the ratification of what Shot-1 well had done in the defendant’s name, must be some-J thing by which the complainant, upon placing reliance,! has been prejudiced. '
The complainant did not enter into possession in consequence of anything said or done by the defendant. She,, relied upon Shotwell, who was acting without any authority. The improvements were put upon the land after the ¡ defendant had refused to execute a deed; and if they Í were not, the more fact, that the defendant did not make ¡ any formal objection to the terms of the sale, and said he did not want his money until he returned west, did not justify the complainant in assuming a right to the title of the defendant’s interest in the land;
The complainant is entitled to a partition, and the court, having jurisdiction of the case, will order a partition upon equitable terms, so as to secure to the complainant the benefit of her improvement.
*204 There must he a reference to a master before the court can determine the terms upon which the partition is to be made. The master must take an account of the value of the improvements which the complainant has put upon the premises, and also the amount of rents which the cornplainant should account for since she has had possession, ascertaining the qpe-eighth proportion of each.
Upon the coming in of the report, a decree will be made for a partition.
I have not alluded to that portion of the bill which refers to the proceedings in the Orphans Court, and to the fact of a portion of the purchase money having been appropriated to the payment of the debts of the ancestor from whom the lands descended. The title to the defendant in the land cannot be affected by any such consideration. His interest in the land could not be applied to the payment of any such debts without his consent, or unless *the land was disposed of for such purpose by a decree of ?the Orphans Court. His consent was never obtained, and the land was not appropriated under any such decree.